[No. 6542.  Decided December 19, 1906.]

GUS WINCKLER, *Appellant*, v. GILBERT HUNT, *Respondent*.[1]

TROVER AND CONVERSION—PERSONS LIABLE.  The principle that a
party who participates in a conversion is liable whether he acts in
a personal or representative capacity is not applicable where the
evidence fails to show that he did any of the acts that contributed
to the conversion.

Appeal from a judgment of the superior court for Walla
Walla county, Brents, J., entered December 1, 1905, upon
findings in favor of the defendant, after a trial on the merits
before the court without a jury, in an action for the conver-
sion of sawmill machinery.  Affirmed.

*Oscar Cain*, for appellant.

*Sharpstein & Sharpstein*, for respondent.

[1]Reported in 87 Pac. 1151.

Root, J.—This action was brought for the conversion of personal property, consisting of a sawmill, machinery and equipments. From a judgment in favor of defendant, this appeal is prosecuted.

It appears that one Dr. Bingham, who had or claimed to have some claim against the property in question or its owner, spoke to the respondent, who was the manager of the Gilbert Hunt Company, a corporation, about placing this property upon the company's premises, and that pursuant to the conversation then had, said property was, by said Dr. Bingham, or at his instance and request, delivered upon said premises, and was subsequently in whole or in part appropriated and disposed of by said company. The complaint is short, merely alleging ownership in the plaintiff, possession and detention of the property by defendant, and the property's value. The answer is a general denial.

The principal issue is one of fact as to whether or not the property was detained or appropriated by respondent. The lower court found that respondent never had possession of said property. While there is some conflict, yet we think this conclusion of the trial court is sustained by a fair preponderance of the evidence, it being made to appear that respondent personally had nothing to do with receiving, handling, or disposing of the property.

It is urged here, as a matter of law, that where a party in any way participates in the conversion of property, he becomes liable whether he is acting either in his individual or in a representative capacity. Appellant cites us to numerous authorities sustaining this proposition. But, it not being established that respondent did any of the acts that contributed to the conversion, the principle is not applicable.

Finding no error in the judgment of the trial court, the same is affirmed.

Crow, Fullerton, and Hadley, JJ., concur.

Mount, C. J. and Dunbar, J., took no part.